IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MAURICE D. SHELBY,
    Petitioner,

vs.                                             Case No. 3:09cv230/WS/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 13) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded in opposition to the motion (Doc. 16).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed and established by the state court record (Doc. 13, Exhibits).[1] On August 2, 2002, an amended information was filed in the Circuit Court in and for Escambia County, Florida, charging Petitioner with one count of aggravated battery on a law enforcement officer (Count One), one count of aggravated assault on a law enforcement officer (Count Two), one count of aggravated assault by threat (Count Three), one count of grand theft auto (Count Four), one count of driving while license revoked pursuant to habitual offender (Count Five), one count of resisting an officer without violence (Count Six), one count of reckless driving causing serious bodily injury (Count Seven), one count of reckless driving causing personal

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (Doc. 13).

or property damage (Count Eight), and one count of fleeing or attempting to elude a law enforcement officer in an agency vehicle with siren and lights activated at high speed (Count Nine) (Ex. B at 3–5). On October 28, 2002, Petitioner entered a "straight up" plea to Counts Two and Four through Nine as charged (Ex. C; *see also* Ex. D at 26–35). The State declined to prosecute Counts One and Three (*id.*). On November 26, 2002, the trial court adjudicated Petitioner guilty and sentenced him to concurrent terms of fifteen (15) years of incarceration on Counts Two and Nine (with pre-sentence jail credit of 244 days), a term of five (5) years of incarceration on Count Four to run consecutively to his sentence on Count Two, a term of five (5) years of incarceration on Count Five to run consecutively to his sentence on Count Four, a term of five (5) years of incarceration on Count Seven to run consecutively to his sentence on Count Five (with pre-sentence jail credit of 244 days), and time served on Counts Six and Eight (Ex. D at 17–24). Petitioner did not appeal the judgment of conviction and sentence.

On August 6, 2004, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D at 1–9). The trial court summarily denied the motion in an order rendered December 20, 2004 (*id.* at 10–64). Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), but the appellate court affirmed per curiam without written opinion on April 7, 2005, with the mandate issuing May 3, 2005 (Exs. F, G). Shelby v. State, 900 So. 2d 562 (Fla. 1st DCA 2005) (Table).

On March 23, 2005, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. H at 1–6). The trial court summarily denied the motion in an order rendered August 15, 2005 (*id.* at 7–18). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curium without written opinion on February 16, 2006, with the mandate issuing March 14, 2006 (Doc. 11, Exs. J, K). Shelby v. State, 924 So. 2d 817 (Fla. 1st DCA 2006) (Table).

Petitioner filed another motion for postconviction relief on June 7, 2005 (Ex. L at 1–5). The trial court summarily denied the motion in an order rendered August 15, 2005 (*id.* at 6–24). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam without written opinion on February 21, 2006, with the mandate issuing June 2, 2006 (Exs. N, O, P). Shelby v. State, 928 So. 2d 1224 (Fla. 1st DCA 2006) (Table).

Petitioner filed yet another motion for postconviction relief on June 27, 2006 (Ex. Q at 1–7). The trial court summarily denied the motion in an order rendered July 12, 2006 (*id.* at 11–39). Petitioner appealed the decision to the First DCA (*id.* at 40) and subsequently filed a motion to voluntarily dismiss the appeal (Ex. S). The appellate court dismissed the appeal on August 31, 2006 (Ex. T).

Petitioner filed his final motion for postconviction relief on October 25, 2006 (Ex. V at 1–30). The trial court summarily denied the motion in an order rendered April 11, 2007 (*id*. at 33–79). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam without written opinion on November 26, 2007, with the mandate issuing December 26, 2007 (Exs. W, X). Shelby v. State, 969 So. 2d 1023, 2007 WL 4245857 (Fla. 1st DCA 2007) (Table).

On May 23, 2008, Petitioner filed a petition in the First DCA seeking a belated direct appeal (Ex. Z). On November 7, 2008, the First DCA denied the petition per curiam without written opinion (Ex. FF). Shelby v. State, 993 So. 2d 522, 2008 WL 4822893 (Fla. 1st DCA 2008) (Table). Petitioner sought discretionary review by the Florida Supreme Court, but the state supreme court dismissed the case for lack of jurisdiction (Exs. RR, SS). Shelby v. State, 2 So. 3d 982 (Fla. 2009) (Table).

On May 28, 2009, Petitioner filed the instant federal habeas petition (Doc. 1). He challenges his plea on the following grounds:

> Ground one: Trial court erred by not setting a hearing on Petitioner's mental condition, pursuant to Rule 3.210 of the Florida Rules of Criminal Procedure, after Petitioner informed the court at the sentencing hearing on November 26, 2002, that he suffered from Gulf War Syndrome. [Restated]
>
> Ground two: Trial counsel was ineffective for failing to move for a mental examination of Petitioner, pursuant to Rule 3.210 of the Florida Rules of Criminal Procedure, after Petitioner advised counsel, prior to entry of his plea, that he suffered from Gulf War Syndrome. [Restated]

(Doc. 1 at 4, attached pages).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner has not asserted that a government-created impediment to his filing existed, that any of his claims are based on a right newly recognized by the Supreme Court, or that the factual predicate for his claims could not have been discovered prior to December 27, 2002 (the date of expiration of the time for seeking direct review of his conviction). Indeed, he concedes that Section 2244(d)(1)(A) is the appropriate statutory trigger for the federal limitations period (*see* Doc. 16 at 1). However, Petitioner claims that the finality date of his conviction was "postponed" until January 16, 2009, the date the proceedings on his petition for belated appeal concluded (*see id.* at 1–3).

In Jimenez v. Quarterman, — U.S. —, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009), the Supreme Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 129 S. Ct. at 686. Jimenez further held that in these kinds of cases, the petitioner's conviction does not become "final" until "the availability of direct appeal to the state courts, and to th[e Supreme] Court, has been exhausted." *Id.* at 685 (quotations and citations omitted). In the instant case, however, the state court did not grant Petitioner the right to file an out-of-time direct appeal. Therefore, his conviction became final thirty (30) days after rendition of the order of judgment of conviction and sentence. *See* Fla. R. App. P. 9.110(b); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30-day period for filing appeal expires). The order of judgment of conviction and sentence was rendered in Petitioner's case on November 26, 2002 (Ex. D at 17–24). *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal). Therefore, Petitioner's conviction became final on December 27, 2002. Accordingly, Petitioner had one year from that date, or until December 27, 2003, to file his federal petition.

Even though Petitioner did not file his federal petition on or before December 27, 2003, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that there were no post-conviction applications pending in the state courts from December 27, 2002 to December 27, 2003. Petitioner filed an application for post-conviction relief on August 6, 2004; however, the one-year limitations period had already expired

seven months earlier. Because that motion and Petitioner's subsequent post-conviction applications were filed after the federal limitations period expired, they did not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

In Petitioner's response to Respondent's motion to dismiss, Petitioner contends he is entitled to equitable tolling of the limitations period due to his mental condition, that is, his suffering from Gulf War Syndrome, his inability to acquire records, his transfers to various institutions within the state correctional system, and the trial court's failure to advise him of his right to file a direct appeal of his conviction (Doc. 16 at 3–5). He states these circumstances were beyond his control, and once he recognized he had the right to a direct appeal, he diligently pursued relief by filing a petition for belated appeal (*id.*).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (other citations omitted)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

Initially, although Petitioner makes a conclusory assertion that his "mental state of mind" delayed the filing of his petition for belated appeal, he provides no specific reason or explanation of how his mental condition actually prevented him from filing his federal habeas petition within the one-year limitations period. Additionally, he does not allege that he is or ever was actually mentally incompetent or completely unable to understand the nature and object of post-conviction proceedings and to present his case for post-conviction relief in a rational manner. *See* Smith v. Newsome, 876 F.2d 1461, 1465 (11th Cir. 1989) (not every mental deficiency amounts to mental incompetence) (citation omitted). Because Petitioner does not allege how his alleged mental condition actually prevented him from filing a timely federal petition, and he does not allege that the delay in filing the instant petition was due to his actual mental incompetence, nor do the facts

suggest such, this court finds that Petitioner's mental state does not constitute an extraordinary circumstance warranting equitable tolling. *See* Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (district court did not abuse its discretion in denying equitable tolling where petitioner provided no reason why his alleged medical condition barred him from filing federal habeas petition on time); Fisher v. Gibson, 262 F.3d 1135, 1143–45 (10th Cir. 2001) (petitioner's mere allegations of incompetency at the time of his pleas in 1992 and 1994, all of which significantly pre-dated the April 24, 1997 grace period for filing federal petitions for pre-AEDPA convictions, did not suffice as extraordinary circumstances warranting equitable tolling of limitations period).

Furthermore, Petitioner's assertions that he was unable to timely file his federal petition due to institutional transfers, his inability to acquire records, and the trial court's failure to advise him of his right to a direct appeal, are insufficient to establish his entitlement to equitable tolling. Initially, institutional transfers are not "extraordinary circumstances"; they are usual incidents of prison life. Additionally, Petitioner has not shown that the records he was allegedly unable to acquire were necessary to the filing of his federal petition; nor has he shown that he made diligent efforts to obtain the records within the federal limitations period. With regard to the trial court's alleged failure to advise him of his right to appeal his conviction, Petitioner has not shown that this actually prevented him from timely presenting the instant claims in a federal habeas action.[2]

Moreover, Petitioner has not provided details of any specific actions he took toward filing his federal petition within the statutory time period, nor does he allege that he took any efforts to determine when the relevant limitations period began to run. In the absence of any connection between Petitioner's alleged circumstances (that is, his mental condition, institutional transfers, inability to acquire records, and the trial court's failure to advise him of his right to a direct appeal) and the untimely filing of the instant federal petition, he has failed to show he is entitled to equitable tolling.

As Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[2] To the extent Petitioner asserts the failure to advise him of his appellate rights prevented him from exhausting his claims by presenting them on direct appeal, his argument is not well taken, since challenges to a plea of guilty or nolo contendere on the ground that the plea was involuntary may be presented in a Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(a)(5).

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 13) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of April 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**